TOM SPICER v. THE STATE.

No. 12781. Delivered November 20, 1929.

The opinion states the case.

*Saunders & Atchison* of Breckenridge, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The unlawful sale of intoxicating liquor is the offense; punishment, confinement in the penitentiary for a period of one year.

Appellant was a porter in a hotel. Daugherty, an officer, went to the hotel for the purpose of catching violators of the law against the liquor traffic. After registering at the hotel, Daugherty was conducted to room No. 214 by the appellant. From Daugherty's testimony the following is quoted:

"I went over and registered and he took me up to my room and I asked him if he could bring me some liquor—a half pint of whisky. I want to pay One Dollar and Seventy-five Cents ($1.75) for a half pint. He didn't deliver it to me himself. I ordered whisky and he went down and said he was out of one-half pints but he had another boy who was bringing it up to me. It was four or five minutes from the time defendant went away and told me he was out of one-half pints but that the other boy had half pints before he delivered it to me."

The witness further said:

"I had some marked money. I didn't give it to Tom Spicer. He wasn't present when I got the whisky."

The appellant made a written statement which the State introduced in evidence. From the statement we quote.

"I checked a man in room 214 at the Hotel about midnight Saturday night and took him some ice water. When I took him the ice water he asked for a good-looking girl and said he wanted a half pint of whisky. I went down on the elevator and met Tom Hart another porter and told him the man in 214 wanted half pint of whisky. I did not see the whisky and did not give it to Tom Hart. I just told him about the man in 214 wanted half pint of whisky. I did not see the whisky and did not give it to Tom Hart. I just told him about the man in room 214 wanting the whisky and told me he could take it up there if he wanted to. He said all right. I do not know where he got it."

The appellant's testimony upon the trial was in substance in accord with his confession. It is clear from the testimony that the appellant did not deliver the whisky to Daugherty; that Daugherty did not pay the appellant for the whisky; that at the beginning of the transaction the appellant told Daugherty that he had no half-pints of whisky. That the other boy (Tom Hart) was selling whisky was not disputed. The appellant's confession, if true, tends to exculpate him. The State having introduced it, the presumption of the truth of the exculpatory statements therein would be indulged unless the contrary appears from the evidence. Pharr v. State, 7 Tex. Cr. App. 472; Combs v. State, 52 Tex. Cr. R. 617.

The court charged the jury on the law of principals in consonance with Art. 66, P. C., 1925, which reads as follows:

"When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders."

No application of the law of principals was made; nor was the jury instructed on the converse. Objection to that phase of the charge instructing on the law of principals was made and the court's action thereon is properly here for review. The only count in the indictment submitted to the jury was that in which Tom Hart and Tom Spicer, "acting together" sold intoxicating liquor to Daugherty. In the charge the court made no reference to Tom Hart except inferentially in charging on the law of principals, but instructed the jury that if Tom Spicer unlawfully sold intoxicating liquor to Daugherty, he should be convicted. To have been a principal of-

fender, it would have been necessary that the appellant should be present at the commission of the offense or doing some act embraced in the statute above quoted. The appellant was not present and was not shown to have been keeping watch. In instructing the jury upon the law of principals, we are constrained to conclude that the trial court was in error, and that under the facts as developed from the record, the error was prejudicial to the appellant and calculated to do him injury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*